IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Rose Paving, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Sipes Asphalt Solutions, LLC,<br><br>    Defendant. | Case No. 2026-cv-481 |

**COMPLAINT**

Plaintiff, Rose Paving, LLC ("Rose Paving"), by and through its attorneys, Saul Ewing LLP, for its Complaint against Sipes Asphalt Solutions, LLC ("Sipes"), alleges and states as follows:

**NATURE OF THE ACTION**

1. This action arises from a deceptive email sent by Sipes impersonating a Rose Paving employee, using Rose Paving's logo and domain name without authorization.

2. The email was designed to appear as if it originated from Rose Paving and was sent directly to a Rose Paving employee in Illinois for the purposes of obtaining confidential bidding information on a competitive project.

3. Through this impersonation, Sipes sought to mislead and confuse Rose Paving's personnel and unlawfully trade on Rose Paving's goodwill and intellectual property.

1

4. Sipes' conduct violates federal trademark and copyright laws, constitutes deceptive trade practices and tortious interference under Illinois law, and amounts to fraudulent misrepresentation and unlawful electronic communication.

5. Rose Paving seeks damages, injunctive relief, and all other remedies available at law and in equity.

**PARTIES**

6. Plaintiff Rose Paving, LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Villa Park, Illinois.

7. Defendant Sipes Asphalt Solutions, LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Indianapolis, Indiana.

**JURISDICTION AND VENUE**

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Lanham Act (15 U.S.C. §§ 1114, 1125) and the Copyright Act (17 U.S.C. § 501 *et seq.*).

9. This Court has personal jurisdiction over Sipes because Sipes purposefully directed tortious and infringing acts toward Illinois by sending a deceptive and infringing email into this State, where the resulting harm occurred.

10. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims—including the harmful email—occurred here.

**FACTUAL ALLEGATIONS**

11. On or about May 29, 2025, Ryan O'Neill, an employee of Rose Paving located in Illinois, inadvertently sent an email containing confidential bid information to the former Sipes

email address of Dan Chamberlin, a former Sipes employee who has since joined Rose Paving. The email included sensitive details about a potential pavement project and an attached bid form. A copy of the May 29, 2025 email chain is attached as **Exhibit A**.

12. Instead of notifying Mr. O'Neill of the misdirected email or deleting it, a Sipes employee accessed the email and responded under a falsified identity. The Sipes employee impersonated Mr. Chamberlin, incorporating Rose Paving's logo, signature block, and social media links, and posed as Mr. Chamberlin to request further project details. The social media links were altered to direct recipients to Sipes' website and social media pages, rather than Rose Paving's. Ex. A.

13. The Sipes employee then requested an updated map regarding the project. *Id.* In response, the Rose Paving employee sent the following email: "That was all they sent. I am guessing the map isn't changing significantly. Guessing they are just reducing the size of the existing areas." This exchange occurred while the Rose Paving employee was under the false impression that he was communicating with a Rose Paving colleague, further demonstrating Sipes' deliberate and deceptive impersonation. *Id.*

14. Upon realizing the error, the Rose Paving employee ceased communication, but the Sipes employee had already accessed confidential information, including project specifications, bid schedule, customer contact information, and other proprietary data.

15. On June 11, 2025, Rose Paving, through its counsel, sent a letter to Sipes outlining the improper conduct, requesting that Sipes: (1) identify the specific employee(s) responsible for sending the email; (2) confirm that no other Sipes employees were impersonating Rose Paving personnel; and (3) confirm that Sipes had not solicited work from the customer at issue. A copy of the June 11, 2025 letter is attached as **Exhibit B**.

3

16. Sipes, through its counsel, failed to provide substantive responses to these inquiries, leading Rose Paving to reasonably believe that its confidential information may have been misused and that similar impersonation or misappropriation may have occurred previously, is occurring now, or could occur in the future. A copy of Sipes' communications is attached as **Exhibit C**.

17. Sipes' actions constitute intentional misrepresentation, fraud, and interference with Rose Paving's business operations. The attempted misappropriation of confidential bid information was deliberate, deceptive, and intended to provide Sipes with a competitive advantage.

18. The impersonation, alteration of Rose Paving's branding, and solicitation of additional confidential information caused harm to Rose Paving in Illinois, where the email was received, read, and relied upon. The conduct also created a continuing risk of reputational harm, misappropriation of trade secrets, and diversion of competitive opportunities.

19. Rose Paving's proprietary information includes confidential bid strategies, cost estimates, and project plans, all of which are protectable under federal and state law. The attempted misappropriation of this information was undertaken knowingly and without authorization by Sipes.

20. Despite repeated requests from Rose Paving's counsel for cooperation and clarification, Sipes provided incomplete responses and failed to offer sufficient assurances that the misappropriated information had been fully secured or destroyed, or that similar misconduct had not occurred previously or would not occur in the future.

21. Sipes' conduct was willful, intentional, and designed to exploit Rose Paving's confidential information for competitive advantage, while attempting to conceal the conduct through impersonation and misrepresentation.

22. The foregoing actions constitute tortious interference with Rose Paving's business relationships, misappropriation of trade secrets, fraudulent misrepresentation, and deceptive acts, all of which caused harm to Rose Paving in Illinois.

23. As a direct and proximate result of Sipes' actions, Rose Paving has suffered and continues to suffer damages, including but not limited to potential loss of business, diversion of competitive opportunities, reputational harm, and costs associated with investigating and mitigating the misconduct. Unless enjoined, Sipes' conduct may continue to cause irreparable harm.

### COUNT I
### TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

24. Rose Paving realleges and incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

25. Rose Paving owns all rights, title, and interest in and to the registration for the Rose Paving mark, which is used in connection with its paving and maintenance services throughout the United States. The mark is distinctive and has become closely associated with Rose Paving's high-quality services and business reputation.

26. Without authorization or consent, Sipes used the Rose Paving mark in a deceptive email communication purporting to originate from a Rose Paving employee.

27. Specifically, Sipes incorporated Rose Paving's registered mark and branding elements into the body and signature block of a falsified email sent to a Rose Paving employee. The email included Rose Paving's distinctive logo and design, reproducing it in a manner calculated to mislead the recipient into believing the message was an authentic communication from Rose Paving.

28.     Sipes' use of the Rose Paving mark infringes Rose Paving's exclusive rights to the mark within the meaning of Section 32 of the Lanham Act. Particularly, Sipes used Rose Paving's mark in commerce in a manner likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between Sipes and Rose Paving, and as to the origin, sponsorship, or approval of Sipes' goods or services.

29.     Sipes' conduct constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30.     As a direct and proximate result of Sipes' conduct, Rose Paving has been, and is likely to be, substantially injured in its business, including harm to its goodwill and reputation and the loss of revenues and profits.

31.     Unless enjoined by this Court, Sipes will continue to infringe upon Rose Paving's mark, thereby creating the likelihood of consumer confusion, deceiving the public, and causing Rose Paving immediate and irreparable injury, including loss of goodwill and loss of income, for which it has no adequate remedy at law.

32.     Sipes has engaged in the above-referenced acts of trademark infringement with full knowledge of Rose Paving's exclusive rights in its federally registered mark, and Sipes' infringement is willful, deliberate, and intended to trade upon Rose Paving's goodwill and reputation.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

33.     Rose Paving realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

34. Sipes used Rose Paving's mark in interstate commerce to impersonate a Rose Paving employee and to create the false impression that the email originated from Rose Paving.

35. By doing so, Sipes falsely represented the origin, sponsorship, or approval of its communications and business activities, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Sipes' unauthorized use of Rose Paving's mark and identity was intended to, and did, deceive recipients into believing that Sipes was affiliated or associated with Rose Paving or that its communications were authorized by Rose Paving.

37. Sipes' conduct constitutes false designation of origin, false or misleading representation of fact, and unfair competition under Section 43(a) of the Lanham Act.

38. As a direct and proximate result of Sipes' conduct, Rose Paving has suffered and will continue to suffer damages, including harm to its reputation, dilution of its brand identity, and diversion of business opportunities.

39. Unless enjoined by this Court, Sipes' wrongful conduct will continue to cause Rose Paving immediate and irreparable harm for which there is no adequate remedy at law.

40. Sipes' actions were intentional, willful, and undertaken with full knowledge of Rose Paving's rights and with the deliberate intent to confuse and mislead recipients for Sipes' commercial advantage.

## COUNT III
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 501)

41. Rose Paving realleges and incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

42. Rose Paving is the owner of U.S. Copyright Registration No. TX0007902406 for www.RosePaving.com, registered on April 1, 2014, which covers the website's text, photographs, compilation, editing, and artwork. A true and correct copy of the registration record is attached as **Exhibit E**.

43. The copyrighted materials include Rose Paving's distinctive logo and associated graphical and textual elements displayed prominently on the www.RosePaving.com website.

44. The copyrighted website, including the logo, constitutes an original work of authorship fixed in a tangible medium of expression and protected under the Copyright Act.

45. Sipes had access to Rose Paving's copyrighted materials through Rose Paving's publicly accessible website and through its prior interactions with Rose Paving.

46. Without authorization or consent, Sipes created and distributed an email impersonating Rose Paving and using Rose Paving's copyrighted logo and website link as part of its scheme.

47. In connection with this impersonation scheme, Sipes used Rose Paving's copyrighted website content and logo, including materials from www.RosePaving.com, without authorization from Rose Paving.

48. Specifically, the impersonated Rose Paving logo in Sipes' email was hyperlinked to Rose Paving's copyrighted website. While the text www.RosePaving.com did not appear in plain view, hovering over or clicking the logo revealed and directed the recipient to Rose Paving's website. This embedded use constitutes an unauthorized reproduction and display of Rose Paving's copyrighted work and was intended to deceive recipients into believing the email originated from Rose Paving.

49. By using, copying, displaying, and distributing Rose Paving's copyrighted materials without permission, Sipes has infringed Rose Paving's exclusive rights under 17 U.S.C. § 106.

50. Sipes' infringement was willful, intentional, and undertaken for the purpose of deceiving others into believing that its communications were legitimate and associated with Rose Paving.

51. As a direct and proximate result of Sipes' unlawful conduct, Rose Paving has suffered and will continue to suffer damages, including harm to its reputation, goodwill, and brand integrity.

52. Rose Paving is entitled to recover its actual damages under 17 U.S.C. § 504.

53. Rose Paving is also entitled to injunctive relief under 17 U.S.C. § 502 to prevent further infringement, and to recover its costs and reasonable attorneys' fees under 17 U.S.C. § 505.

<strong><u>COUNT IV</u><br>
VIOLATION OF THE ILLINOIS UNIFORM<br>
DECEPTIVE TRADE PRACTICES ACT<br>
(815 ILCS 510/1 <em>et seq.</em>)</strong>

54. Rose Paving realleges and incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

55. Sipes, in the course of its business, used Rose Paving's name, logo, and website in a manner that is likely to cause confusion or misunderstanding as to the source, sponsorship, or approval of its communications and services.

56. Sipes' impersonation of a Rose Paving employee and use of Rose Paving's branding constitute deceptive trade practices within the meaning of 815 ILCS 510/2(a), including, but not limited to:

    a. passing off Sipes' communications as those of Rose Paving;

  b. causing likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of its communications; and

  c. disparaging Rose Paving's goods, services, and business through false representations and impersonation.

57. Sipes' deceptive acts were intentional and undertaken in bad faith for the purpose of misleading recipients and unfairly diverting business opportunities from Rose Paving.

58. As a result, Rose Paving has suffered, and continues to suffer, harm to its business reputation, goodwill, and relationships with existing and prospective customers.

59. Pursuant to 815 ILCS 510/3, Rose Paving is entitled to injunctive relief to prevent Sipes from continuing such deceptive practices.

## COUNT V
## TORTIOUS INTERFERENCE WITH
## PROSPECTIVE ECONOMIC ADVANTAGE

60. Rose Paving realleges and incorporates by reference paragraphs 1 through 60 as if fully set forth herein.

61. Rose Paving has a reasonable expectancy of entering into business relationships and contracts with current and prospective customers, including the customer involved in the project discussed in the May 29, 2025 emails.

62. Sipes had knowledge of Rose Paving's prospective economic relationships and intentionally interfered with those relationships by impersonating Rose Paving personnel and obtaining confidential bid information.

63. Sipes' actions were unjustified, malicious, and designed to disrupt Rose Paving's competitive position and divert potential business.

64. As a direct and proximate result of Sipes' misconduct, Rose Paving suffered damages, including the potential loss of business opportunities, erosion of goodwill, and expenditure of resources to investigate and mitigate the harm caused by Sipes' conduct.

65. Unless restrained, Sipes is likely to continue to interfere with Rose Paving's business relationships, causing ongoing and irreparable harm.

## COUNT VI
## FRAUDULENT MISREPRESENTATION

66. Rose Paving realleges and incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

67. Sipes, through its employee, made false representations by sending an email that falsely appeared to originate from a Rose Paving employee.

68. Sipes knew these representations were false at the time they were made and intended that Rose Paving rely on them.

69. Relying on the apparent authenticity of the email, a Rose Paving employee responded and provided further information under the mistaken belief that he was corresponding with a Rose Paving colleague.

70. As a direct and proximate result of Sipes' false representations, Rose Paving disclosed confidential information and suffered harm to its business reputation and goodwill.

71. Sipes' fraudulent conduct was intentional, malicious, and undertaken for the purpose of obtaining an unfair competitive advantage and misleading Rose Paving employees.

72. Rose Paving is entitled to recover compensatory and punitive damages as a result of Sipes' fraudulent conduct.

WHEREFORE, Plaintiff Rose Paving, LLC respectfully requests that this Court enter judgment in its favor and against Defendant Sipes Asphalt Solutions, LLC as follows:

56535595.4

a) For injunctive relief prohibiting Sipes from further infringing, misappropriating, or otherwise using Rose Paving's trademarks, copyrighted materials, name, logo, or any other intellectual property;

b) For damages sustained by Rose Paving as a result of Sipes' unlawful acts, including actual, compensatory, consequential, and punitive damages, in an amount to be proven at trial;

c) For recovery of profits wrongfully earned by Sipes as a result of its infringement and deceptive acts;

d) For statutory damages to the extent available under applicable federal and state laws, including 17 U.S.C. §§ 504–505 and 815 ILCS 510/3;

e) For costs, attorneys' fees, and expenses incurred in bringing this action to the extent permitted by law;

f) For pre-judgment and post-judgment interest as allowed by law; and

g) For such other and further relief as the Court deems just and proper.

Date: January 15, 2026

Respectfully submitted,

ROSE PAVING, LLC,

*/s/ Casey T. Grabenstein*
Casey T. Grabenstein
One of Its Attorneys

Casey T. Grabenstein (#6289606)
Shivani Govani (#6345659)
SAUL EWING LLP
161 N. Clark St., Suite 4200
Chicago, Illinois 60601
casey.grabenstein@saul.com
shivani.govani@saul.com

56535595.4